**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ALVIS J. WATKINS, JR.**                                                                  **PLAINTIFF**

**V.**                               **CASE NO. 5:20-CV-05219**

**SUMMIT FOOD SERVICES;**
**CORPORAL BABION, Washington**
**County Detention Center ("WCDC");**
**SERGEANT MCNEALLY, WCDC; and**
**LIEUTENANT AKE, WCDC**                                                      **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

Alvis J. Watkins, Jr., currently an inmate of the Washington County Detention Center, filed this *pro se* civil rights action under 42 U.S.C. § 1983.   Watkins proceeds *in forma pauperis* ("IFP").   The case is before the Court for preservice screening under 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.  DISCUSSION

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on

1

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, Watkins contends that Defendants Babion, McNeally, and Ake failed to provide him with the name of a Summit Food Services employee.   This is not a claim of constitutional dimension.  *See West v. Atkins,* 487 U.S. 42 (1988) (finding that in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he violated a right secured by the constitution).   There are no other claims asserted against these Defendants, and they are subject to dismissal.

## II.   CONCLUSION

**IT IS THEREFORE ORDERED** that Corporal Babion, Sergeant McNeally, and Lieutenant Ake are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

By separate order, the Complaint will be served on Summit Food Services.

**IT IS SO ORDERED** on this 28th day of December, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE