IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALVIS J. WATKINS, JR.                                                                    PLAINTIFF

v.                                   Civil No. 5:20-cv-05219

SUMMIT FOOD SERVICE, LLC                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Alvis J. Watkins Jr. ("Watkins") pursuant to 42 U.S.C. § 1983. Watkins proceeds *pro se* and *in forma pauperis* ("IFP"). When Watkins filed this action, he was incarcerated in the Washington County Detention Center ("WCDC"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Defendant Summit Food Service, LLC ("Summit") filed a Motion for Summary Judgment (ECF No. 24). Watkins has responded (ECF No. 28) to the Motion and Summit has replied. (ECF No. 30).

**I. BACKGROUND**

On December 10, 2020, at approximately 7 p.m., Watkins received his supper tray. (ECF No. 1 at 4). The special diet tray contained rice. *Id.* When Watkins began eating the rice, he discovered it contained a metal shaving. *Id.* Watkins spit out the metal shaving. (ECF No. 24-1 at 2). It was approximately an inch long, thin, and curled. *Id.* at 5. To Watkins, the metal shaving appeared as if came from a stainless-steel scrub pad. *Id.* He suffered no physical injury. *Id.* at 4. Watkins has no idea how the metal got into his food. *Id.* After Watkins returned to the door and advised the officers that there was metal in his rice, he was given another food tray. *Id.*

1

at 5. Summit Food Service, LLC provides meal preparation services to the WCDC. (ECF No. 26 at 1).

During Watkins' deposition, defense counsel summed up Watkins' claim as follows: "[I]t's your belief that my client, Summit Food Services, was negligent; is that correct?" (ECF No. 24-1 at 6). Watkins replied: "Yes, sir." *Id.* Defense counsel then characterized Watkins' claim as one for the negligent infliction of emotional distress asking Watkins if he agreed that was correct. *Id.* at 7. Watkins responded: "Yes, sir." *Id.*

Watkins maintains that improper food preparation resulted in the metal shaving being in his food. (ECF No. 1 at 7). If he had swallowed the metal shaving, Watkins believes it would have caused major problems to his digestive system resulting in surgery. (ECF No. 24-1 at 8). Since the incident at the WCDC, Watkins avers he constantly worries that he may "ingest something that could harm" him (ECF No. 24-1 at 3) and is careful to check his food before he eats. *Id.* Watkins describes his emotional suffering as Post Traumatic Stress Disorder. (ECF No. 28 at 1).

Watkins seeks compensatory damages in the amount of $100,000 and punitive damages in an unspecified amount. (ECF No. 1 at 7). Watkins also seeks an order requiring Summit to use "better preparation procedures." *Id.*

## II. APPLICABLE STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### III.  DISCUSSION

Summit has moved for summary judgment arguing: (1) Watkins cannot recover under § 1983 because he suffered no physical injury as is required by 42 U.S.C. § 1997e(e); (2) negligent conduct[1] does not state a cause of action; and (3) Arkansas does not recognize a cause of action for the negligent infliction of emotional distress.

### A.  Physical Injury Requirement

Summit argues that even if it negligently or intentionally allowed the metal shavings to be in Watkins' food, it is immaterial as he must show a physical injury to sustain his claim. Summit correctly argues that the provisions of 42 U.S.C. § 1997e(e) bars the recovery for mental or emotional damages in the absence of a physical injury. Specifically, § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other

---

[1] Summit denies that it played any role in the metal shaving appearing in Watkins' food. (ECF No. 25 at 1).

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e).

Summit erroneously argues that the absence of a physical injury bars Watkins' cause of action. Watkins' "claim does not fail under section 1997e(e) for lack of physical injury. Section 1997e(e) is merely a limitation on damages and at a minimum [Watkins'] could recover nominal damages" if he establishes a violation of his federal constitutional rights. *Kahle v. Leonard,* 563, F.3d 736, 742 (8th Cir. 2009)(cleaned up). In short, the existence of a physical injury is not an element of a § 1983 cause of action. *Id.*; *see also Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004)(physical injury rule does not prevent an inmate from receiving nominal damages, punitive damages, injunctive relief,[2] and declaratory relief). The absence of a physical inquiry does not end the inquiry.

### B. Unconstitutional Conditions of Confinement

The Cruel and Unusual Punishment Clause of the Eighth Amendment[3] forbids prison conditions that involve the "unnecessary and wanton infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)(citations omitted). Prison officials are required to provide adequate food, clothing, and shelter. *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006). The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

To establish an Eighth Amendment violation, Watkins must prove both an objective and

---

[2] In general, injunctive relief is not available to improve conditions at a jail from which the plaintiff has been released or transferred. *Randolph v. Rodgers,* 170 F.3d 850, 856-57 (8th Cir. 1999).
[3] On December 10, 2020, Watkins' parole had been revoked. (ECF No. 1 at 3). He was therefore in convicted status making the Eighth Amendment applicable.

4

subjective element. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004)(citation omitted). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id.*

Here, it is undisputed that on a single occasion Watkins found a small, thin, curled, piece of metal in his rice. The Court does not doubt that Watkins was distressed by this incident. Nevertheless, an isolated incident of the presence of a foreign object in food does not violate the constitution. *See e.g., Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)(finding that a prisoner, who was served food that often contained foreign objects, had not stated a claim of constitutional dimension); *see also LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993)("The fact that food occasionally contains foreign objects . . ., while unpleasant, does not amount to a constitutional violation"); *Hamm v. DeKalb Cnty.,* 774 F.2d 1567, 1575 (11th Cir. 1985)(Food that "occasionally contains foreign objects . . . does not amount to a constitutional deprivation"). Moreover, negligence – even gross negligence – is insufficient to hold a defendant liable. *Farmer v. Brennan,* 511 U.S. 925, 835 (1994). Summit is entitled to summary judgment on Watkins' claim.

### C. Negligent Infliction of Emotional Distress

Summit also moves for summary judgment on any supplemental state law claim for the negligent infliction of emotional distress. As Summit correctly points out, Arkansas does not recognize the tort of negligent infliction of emotional distress. *Dowty v. Riggs,* 385 S.W.3d 117 (Ark. 2010). Moreover, "it has been true in Arkansas since at least 1899 that mental suffering

5

alone, unaccompanied by physical injury, cannot be made the subject of an action for damages." *Pennebaker v. Furry Feet Retreat, Inc.*, ___ S.W.3d ___, 2021 Ark. App. 138, *2 (2021). Summit is entitled to summary judgment on this claim.

### IV. CONCLUSION

For these reasons, it is recommended that Summit's Motion for Summary Judgment (ECF No. 24) be **GRANTED,** and Watkins' case **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2021.

/s/ *Christy Comstock*
_____
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE